**ORIGINAL**

FILED IN CLERK'S OFFICE
U S D C  Atlanta

JAN 1 6 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **JANICE ROOTS, ASHA ODIGIE-OSAZUWA, CYNTHIA BUTTS, and LINDA WASHINGTON, individually and on behalf of all those similarly situated who consent to representation,**<br><br>Plaintiffs,<br><br>v.<br><br>**MOREHOUSE SCHOOL OF MEDICINE, INC.,**<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CIVIL ACTION**

**NO. _____**

**1:07-CV-011**

**GET**

## COMPLAINT

COME NOW the Plaintiffs Janice Roots ("Roots"), Asha Odigie-Osazuwa ("Odigie-Osazuwa"), Cynthia Butts ("Butts"), and Linda Washington ("Washington") (collectively the "named Plaintiffs") by and through their undersigned counsel, and file this Complaint showing the Court as follows:

## Parties

1.

Plaintiff Roots is a resident of College Park, State of Georgia, and therefore resides within this judicial district.

2.

Plaintiff Odigie-Osazuwa is a resident of McDonough, State of Georgia, and therefore resides within this judicial district.

3.

Plaintiff Butts is a resident of Atlanta, State of Georgia, and therefore resides within this judicial district.

4.

Plaintiff Washington is a resident of Lithonia, State of Georgia, and therefore resides within this judicial district.

5.

The Morehouse School of Medicine, Inc. ("Morehouse School of Medicine") is a non-profit Georgia corporation, and process may be served upon its registered agent John E. Maupin, Jr., D.D.S., at 720 Westview Dr. SW, Atlanta, Georgia 30310 in Fulton County.

6.

Morehouse School of Medicine is a privately funded medical educational institution located in Atlanta, Georgia.

7.

According to its 2005 Fact Book published on its website (www.msm.edu), in 2004/2005 Morehouse School of Medicine employed a staff of 622 full-time non-faculty employees, of which 118 were employed in "Office/Clerical/Secretarial" positions and 98 were employed in "Administrative Management" positions.

8.

Morehouse School of Medicine continues to employ approximately the same number of employees in "Office/Clerical/Secretarial" and "Administrative Management" positions at the present time.

## Jurisdiction and Venue

9.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in Counts 1-3 of this Complaint which arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA").

10.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in Count 4 of this Complaint which arise under the anti-retaliation provisions of the FLSA.

11.

Pursuant to 28 U.S.C. § 1367, this Court shall have supplemental jurisdiction over Plaintiff Odigie-Osazuwa's state law claim in Count 5 alleging breach of her employment compensation agreement.

12.

The named Plaintiffs are or were employees of Morehouse School of Medicine and are therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 206(a).

13.

Throughout Plaintiffs' current or former employment with Morehouse School of Medicine, it was at all times an employer engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

14.

The named Plaintiffs are or were employed by Morehouse School of Medicine within this judicial district at all times pertinent to their claims herein.

15.

Jurisdiction and venue are therefore proper in this action.

## Facts Related To All Counts

16.

Plaintiff Roots has been employed full-time with Morehouse School of Medicine from April 1, 2003 to the present, beginning in a position designated by her employer as a Residency Program Coordinator, pay grade 112, which was reclassified to Residency Program Manager, pay grade 114, effective February 16, 2005.

17.

Plaintiff Odigie-Osazuwa was employed full-time with Morehouse School of Medicine in a position designated by her employer as Billing Coordinator I from June 2, 2003, until she was involuntarily terminated on January 3, 2007.

18.

Plaintiff Butts was employed full-time with Morehouse School of Medicine in a position designated by her employer as Administrative Assistant from in or about August, 2002, through the start of her medical leave on March 10, 2005, after which she was involuntarily terminated in or about November, 2005.

19.

Plaintiff Washington has been employed full-time with Morehouse School of Medicine from in or about May, 2000, through the present in a position designated by her employer as Clerkship Coordinator.

20.

The named Plaintiffs were informed by Morehouse School of Medicine during their employment orientation that they were hired to work a 35-hour week from 9:00 a.m. to 5:00 p.m., with a one hour lunch break.

21.

During the three years preceding the date of this Complaint (the "relevant period"), each of the named Plaintiffs have on one or more occasions worked more than forty (40) hours in a work week ("overtime hours") without receiving compensation at their regular rate for hours worked between 35 and 40, and compensation at a rate of one and one-half their regular rate ("overtime compensation") for such overtime hours.

22.

Throughout the relevant period, Morehouse School of Medicine had a policy, plan, custom and/or practice of "flex time" or "compensatory time" in which salaried non-exempt employees who worked overtime hours were instructed

to take an equivalent amount of such overtime hours off in a subsequent work week in lieu of overtime compensation.

23.

Throughout the relevant period, Morehouse School of Medicine had a policy, plan, custom and/or practice of instructing the named Plaintiffs and others similarly situated not to record or request payment for overtime hours, because as salaried employees they are expected to work the number of hours to get the job done.

24.

Throughout the relevant period, Morehouse School of Medicine had a policy, plan, custom and/or practice of not paying overtime compensation for overtime hours worked by the named Plaintiffs and others similarly situated.

## Count 1:  FLSA – Overtime (Named Plaintiffs)

25.

The named Plaintiffs incorporates by reference herein the preceding allegations in this Complaint.

26.

Each named Plaintiff individually alleges that Morehouse School of Medicine failed to pay them the overtime compensation to which they were entitled under the FLSA for overtime hours worked throughout their employment.

27.

Each named Plaintiff individually alleges that Morehouse School of Medicine acted willfully in failing to pay them the overtime compensation required by the FLSA.

28.

Each named Plaintiff is entitled to recover compensation for overtime hours worked for three (3) years preceding the filing date of this Complaint.

29.

Each named Plaintiff is also entitled to recover liquidated damages in this action in an equivalent amount to their unpaid overtime compensation (or pre-judgment interest), as well as an award of attorneys' fees and costs, under 29 U.S.C. § 216(b).

## Count 2:  FLSA – Overtime (Collective Action)

30.

The named Plaintiffs incorporate by reference herein paragraphs 1 through 24 of their Complaint.

31.

Upon information and belief, Morehouse School of Medicine did not properly compensate non-exempt employees similarly situated to the named Plaintiffs who are or were employed by Morehouse School of Medicine (the

-8-

"similarly situated employees") and who worked overtime hours during the relevant period under the FLSA.

32.

Morehouse School of Medicine did not pay the named Plaintiffs and the similarly situated employees the overtime compensation required by the FLSA pursuant to a common policy, plan, custom and/or practice.

33.

Morehouse School of Medicine acted willfully in failing to pay the overtime compensation required by the FSLA to the named Plaintiffs and the similarly situated employees.

34.

The named Plaintiffs, pleading in the alternative from their individual actions in Count 1, bring this collective action under Count 2 to recover overtime compensation on behalf of themselves and the similarly situated employees under 29 U.S.C. § 216(b).

35.

The named Plaintiffs and the similarly situated employees who opt-in to this collective action are entitled to the recovery of their unpaid overtime compensation for the preceding three years, an equivalent amount in liquidated damages (or pre-judgment interest), and their attorneys' fees and costs under 29 U.S.C. § 216(b).

36.

To the extent permissible, the named Plaintiffs hereby opt-in to this collective action under 29 U.S.C. § 216(b) as of the date of this Complaint by filing opt-in consents contemporaneously herewith.

## Count 3:  FLSA – Record Keeping

37.

The named Plaintiffs incorporate by reference herein paragraphs 1 through 25 of their Complaint.

38.

Upon information and belief, Morehouse School of Medicine failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of the named Plaintiffs and the similarly situated employees for the time period required by law.

39.

The named Plaintiffs and the similarly situated employees are entitled to relief for Morehouse School of Medicine's violations of 29 U.S.C. § 211(c).

## Count 4:  FLSA – Retaliation (Odigie-Osazuwa)

40.

Plaintiff Odigie-Osazuwa incorporates by reference herein paragraphs 1 through 25 of the Complaint.

41.

Throughout the relevant period, Plaintiff Odigie-Osazuwa made verbal and written assertions of her rights regarding overtime compensation to her supervisor, Hattie Portis-Jones, and to Morehouse School of Medicine's Human Resources Department among others, which constitute the assertion of protected rights under the anti-retaliation provisions of the FLSA.

42.

On January 3, 2007, Morehouse School of Medicine terminated Plaintiff Odigie-Osazuwa's employment in retaliation for her assertion of protected rights in violation of 29 U.S.C. § 215(a)(3).

43.

Plaintiff Odigie-Osazuwa is entitled to legal and equitable relief for Morehouse's retaliatory conduct under 29 U.S.C. § 216(b), including back pay, an equivalent amount in liquidated damages (or pre-judgment interest), reinstatement, and her attorneys' fees and costs under 29 U.S.C. § 216(b).

## Count 5:  Breach of Contract (Odigie-Osazuwa)

44.

Plaintiff Osuzuma incorporates by reference herein paragraphs 1 through 25 of the Complaint.

45.

On multiple occasions during her employment with Morehouse School of Medicine, Plaintiff Odigie-Osazuwa was required to drive her personal vehicle to various work sites during the course of her regularly scheduled work day in the performance of her duties as Billing Coordinator I.

46.

Pursuant to the terms of her employment agreement with Morehouse School of Medicine, and according to Morehouse School of Medicine's compensation policies, Plaintiff Odigie-Osazuwa was entitled to reimbursement for mileage expenses and excess parking expenses incurred in the performance of such duties.

47.

Plaintiff Odigie-Osazuwa submitted proper and timely expense reimbursement requests for mileage and excess parking expenses during the period of November, 2004 through November, 2005.

48.

Morehouse School of Medicine breached its contract with Plaintiff Odigie-Osazuwa by failing to reimburse her for the submitted amounts incurred in mileage and excess parking expenses.

49.

In September, 2006, Plaintiff Odigie-Osazuwa's supervisor, Hattie Portis-Jones, admitted that she was not submitting Plaintiff Odigie-Osazuwa's mileage and excess parking reimbursement requests for payment.

50.

From December 1, 2005, through her termination on January 3, 2007, Plaintiff Odigie-Osazuwa continued to drive her personal vehicle to work sites during the course of her regularly scheduled workday in performing her job duties as Billing Coordinator I without receiving reimbursement for her mileage and excess parking expenses.

51.

Plaintiff Odigie-Osazuwa is therefore entitled to recover her contract damages in an amount to be determined by the enlightened conscience of the jury.

52.

Morehouse School of Medicine has acted in bad faith in refusing to reimburse Plaintiff Odigie-Osazuwa for her mileage and excess parking expenses, and Plaintiff Odigie-Osazuwa is therefore entitled to recover her attorneys' fees related to Count 5 pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs respectfully demand the following relief:

1.  On Count 1, an award to each named Plaintiff of full legal relief against Morehouse School of Medicine for willful violations of the FLSA's overtime provisions in an amount to be determined at trial, including an award of the maximum liquidated damages or pre-judgment interest allowed by law;

2.  On Count 2, an award to the named Plaintiffs and the similarly situated employees of full legal relief against Morehouse School of Medicine for willful violations of the FLSA's overtime provisions in an amount to be determined at trial, including an award of the maximum liquidated damages or pre-judgment interest allowed by law;

3.  On Count 3, full legal and equitable relief as determined at trial;

4.  On Count 4, full legal and equitable relief to Plaintiff Odigie-Osazuwa for Morehouse School of Medicine's retaliatory conduct, including an award of back pay, the maximum liquidated damages or pre-judgment

-14-

interest allowed by law, reinstatement, and her attorneys' fees and costs;

5.   On Count 5, full legal relief to Plaintiff Odigie-Osazuwa for Morehouse School of Medicine's breach of her employment compensation agreement, including an award of her attorneys' fees and costs; and

6.   Such other and further relief as the Court may deem just and appropriate.

**THE NAMED PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL CLAIMS.**

Respectfully submitted this 16th day of January, 2007.

C. Andrew Head
Georgia Bar No. 341472
Attorneys for Plaintiffs
CROWLEY CLARIDA & HEAD LLP
Suite 500
900 Circle 75 Parkway
Atlanta, Georgia 30339-3099
678/888-0036
Email: ahead@cchlawfirm.com